IN THE DISTRICT COURT IN AND FOR MUSKOGEE COUNTY
STATE OF OKLAHOMA

COREY SMITH,

    Plaintiff,

v.

HYSTER-YALE GROUP, INC., a foreign for profit business corporation; YALE MATERIALS HANDLING CORP., a foreign for profit business corporation.

    Defendants.

Case No.: CJ-21-312

FILED BY ROBYN BOSWELL DISTRICT COURT CLERK DEC 13 2021 MUSKOGEE COUNTY, OK

ATTORNEY LIEN CLAIMED

## PETITION

COMES NOW the Plaintiff, Corey Smith, by and through his attorneys of record, SMOLEN LAW, PLLC, and for his cause of action against the Defendants, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen of Oklahoma residing in Muskogee County, Oklahoma at all relevant times hereto.

2. Defendant Hyster-Yale Group, Inc. is a foreign for-profit corporation with its principal place of business located in Cleveland, Ohio, that upon information and belief to be confirmed through discovery, does business in Oklahoma and has substantial ties to Muskogee County, Oklahoma.

3. Defendant Yale Materials Handling Corporation is a foreign for-profit corporation with its principal place of business located in Cleveland, Ohio, that upon information and belief to be confirmed through discovery, does business in Oklahoma and has substantial ties to Muskogee County, Oklahoma.



EXHIBIT 2

4. Defendants Hyster-Yale Group, Inc. and Yale Materials Handling Corporation are corporations and/or business entities engaged in the manufacturing, production and sale of forklifts.

5. The Defendants regularly conduct business in Muskogee County, Oklahoma through its contracts with Georgia Pacific.

6. The acts and omissions complained of herein occurred in Muskogee County, Oklahoma.

7. This Court has jurisdiction and venue is proper in Muskogee County, Oklahoma.

8. This case was originally filed on July 1, 2020, resulting in case number CJ-2020-225, assigned to Judge Bret Smith. Pursuant to 12 O.S. § 2004(I), Plaintiff had 180 days, or until December 28, 2020, to obtain service on the Defendants. Plaintiff did not obtain service on the Defendants within 180 days. 12 O.S. § 2004(I) states that when service is not obtained within 180 days "the action shall be deemed dismissed as to that defendant without prejudice and Section 100 of this title shall be applicable to any refiling of the action."[1]

9. The present Petition is being re-filed within one (1) year of the date Plaintiff's original action (CJ-2020-225) was deemed dismissed, pursuant to 12 O.S. § 100.

## STATEMENT OF FACTS

10. Paragraphs 1-9 are incorporated herein by reference.

---

[1] Pursuant to 12 O.S. §100 "If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed."

11. Plaintiff was employed by Georgia Pacific on or around May 13, 2019, as a forklift operator for Georgia Pacific's Muskogee, Oklahoma plant.

12. On May 13, 2019, Plaintiff was working the night shift. Plaintiff's job duties that night included operating a GC135-155VX propane forklift to transport freight.

13. The GC135-155VX forklift was designed, manufactured, distributed, and/or sold by the Defendants.

14. At approximately 9:30 P.M. on May 13, 2019, the GC135-155VX forklift Plaintiff was operating shut off unexpectedly and the Plaintiff noticed a trail of smoke coming from the forklift.

15. Plaintiff got off of the forklift and looked under the hood where he discovered that the forklift was on fire. When Plaintiff saw the flames, he attempted to use the fire extinguisher on the forklift to put out the fire, but the fire extinguisher did not work.

16. Upon realizing that he could not put the fire out himself, Plaintiff ran to call for help. When the Plaintiff returned to the forklift it was completely engulfed in flames.

17. As the fire grew the propane tank on the GC135-155VX forklift caught fire and caused a large explosion in the Georgia Pacific warehouse.

18. Plaintiff was, at all times relevant hereto, a person who used and/or could have been reasonably affected by the forklift.

19. As a result of the explosion caused by the malfunction in the GC135-155VX forklift, the plaintiff suffered serious and permanent injury.

## CAUSES OF ACTION

### I.   NEGLIGENCE

20. Paragraphs 1-19 are incorporated herein by reference.

3

21. The Defendants owed a duty to Plaintiff to use reasonable care in the manufacturing, inspection and distribution of the GC135-155VX forklift. Further, the Defendants had a duty to adequately warn of foreseeable dangers arising out of the use of the forklifts it manufactured and distributed.

22. The Defendants breached those duties by failing to provide adequate warnings with the forklift in question and manufacturing and distributing it in such a way that it would cause injury to Plaintiff and others.

23. This breach by the Defendants was the actual and proximate cause of Plaintiff's damages.

24. The Plaintiff sustained damages as a result of the acts and omissions of the Defendants.

25. As a result of the acts and omissions of the Defendants, Plaintiff has suffered considerable damages, including but not limited to, personal injury, medical expenses, lost wages, mental and physical pain and suffering, and other actual damages in excess of $75,000.00.

## II.   MANUFACTURER'S PRODUCTS LIABILITY

26. Paragraphs 1-25 are incorporated herein by reference.

27. The Defendants sold, leased or otherwise distributed the forklift that injured Plaintiff.

28. The Defendants were/are in the business of manufacturing, selling, leasing or distributing such products.

29. The forklift in question was defective and because of the defect the product was unreasonably dangerous to Plaintiff, an individual who was reasonably expected to be affected by it.

30. Upon information and belief to be confirmed through discovery, the forklift in question was defective at the time it was manufactured and distributed by the Defendants and left their control in such a state.

31. Plaintiff was a person who could foreseeably have been expected to be affected by the forklift and its defects.

32. Plaintiff used the forklift in a manner that could have been reasonably anticipated by the Defendants.

33. As a result of the acts and omissions of the Defendants, Plaintiff has suffered considerable damages, including but not limited to, personal injury, medical expenses, lost wages, mental and physical pain and suffering, and other actual damages in excess of $75,000.00.

### III.  BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

34. Paragraphs 1-33 are incorporated herein by reference.

35. At all times relevant to the chain of distribution of the forklift in question, the Defendants were merchants in the business of manufacturing, selling and distributing said forklift.

36. The Defendants manufactured, sold and distributed the forklift in question that injured Plaintiff.

37. The forklift in question was sold, manufactured and distributed by the Defendants and contained an implied warranty that it would not be defective or unreasonably dangerous.

38. The forklift that injured Plaintiff was not merchantable at the time it was manufactured, sold or distributed in that it was defective and unreasonably dangerous.

39. As a result of the acts and omissions of the Defendants, Plaintiff has suffered considerable damages, including but not limited to, personal injury, medical expenses, lost wages, mental and physical pain and suffering, and other actual damages in excess of $75,000.00.

### IV.   PUNITIVE DAMAGES

40. Paragraphs 1-39 are incorporated herein by reference.

41. The willful, wanton and reckless conduct of Defendants, specifically the reckless disregard and indifference to the safety, health, and well-being of plaintiff, violated federal and state standards and regulations. Consequently, Plaintiff is entitled to an award of exemplary damages under Oklahoma law.

42. The acts of Defendants were wrongful, culpable, and so egregious that punitive damages in a sum that exceeds $75,000.00 should be awarded against Defendants to set an example to others similarly situated that such conduct will not be tolerated in the community.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in excess of Seventy-Five Thousand

Dollars ($75,000.00), with interest accruing from date of filing of suit, reasonable attorneys fees, and all other relief deemed appropriate by this Court.

        Respectfully submitted,

        SMOLEN | LAW, PLLC

        _____
Donald E. Smolen, II, OBA #19944
Laura L. Hamilton, OBA #22619
Jack Warren, OBA #33635
611 S. Detroit Ave.
Tulsa, OK 74120
T: (918) 777-4LAW (4529)
F: (918) 890-4529
don@smolen.law
laura@smolen.law
jack@smolen.law
*Attorneys for Plaintiff*